A. Lee McGehee Chief of Police Ocala
QUESTIONS:
1. Where does ownership rest with personal property purchased with public funds by a law enforcement agency as part of a criminal investigation when such property is not determined to be stolen?
2. If ownership rests with the unit of government which provided the public funds for purchase, may it be placed on the government's inventory for its use?
SUMMARY:
When personal property determined not to be stolen is validly purchased with municipal funds by the Ocala police department in connection with a criminal investigation, such property is owned by the City of Ocala (not the police department). The management, use, and disposal of such property should be determined by the city council, pursuant to applicable provisions of the charter or code of ordinances of the municipality.
You state in your letter that these questions have arisen in connection with a criminal investigation by your police department `involving fencing operations or possession of stolen property.' You further state that personal property purchased with municipal funds during the course of such an investigation and which is subsequently determined to be stolen would be handled the same as any other evidence in any resulting criminal proceedings. Your questions do not concern personal property introduced as evidence in a criminal trial; property known to be abandoned or lost within the purview of ss. 705.01(1) and 705.06, F. S., dealing with abandoned personal property generally; or personal property coming within the purview of s. 790.08(4), F. S., dealing with abandoned or discarded weapons, electric weapons or devices, and arms. Also, AGO's 076-133 and 076-101, relating to lost personal property, are not applicable. I assume for purposes of this opinion that the property in question has been validly purchased with municipal funds and used by the municipal police department solely for the purpose of conducting a criminal investigation, that title to the property has passed during the course of the transactions, and that the property has been validly determined not to be stolen property.
In accordance with the above assumptions, it appears that the property in question is owned by the City of Ocala (not the police department) and may be disposed of as the city council sees fit, in accordance with applicable provisions of the charter or code of ordinances of the City of Ocala. Sections 1.06(1) and 2.03 of Ch.67-1782, Laws of Florida, the special act establishing the charter of the City of Ocala, set forth the powers of the city council of Ocala with respect to the acquisition and disposition of real and personal property. Section 1.06(1) provides that, in addition to other powers granted by law, the City of Ocala:
 May acquire property, either real or personal, in any manner, and may sell, lease, hold, manage, rent, control or dispose of any and all property, either real or personal, in any manner it may see fit; may make any and all rules and regulations by ordinance or resolution which may be required to carry out fully the provisions of any conveyance, lease, deed, contract, or will in relation to any gift or bequest, or the provisions of any contract, agreement or instrument by which it may acquire property.
Section 2.03 of Ch. 67-1782 provides for the exercise of the above (and other) powers by the city council:
 All powers of the city shall be vested in the council except as otherwise provided by law or this charter, and the council shall provide for the exercise thereof and for the performance of all duties and obligations imposed on the city by law.
I am not aware of any modification of the above provisions since their enactment. And, while the provisions of the Municipal Home Rule Powers Act, Ch. 166, F. S., may have converted ss. 1.06(1) and 2.03 into ordinances of the City of Ocala, those sections are clearly not limitations upon municipal power and thus were not nullified and repealed when the Municipal Home Rule Powers Act took effect. [By the terms of Ch. 166, F. S., any `limitation of power upon any municipality contained in any municipal charter enacted prior to July 1, 1973,' was nullified and repealed, s.166.021(4), F. S., and all extant special acts `pertaining exclusively to the power or jurisdiction of a particular municipality' became ordinances of the municipality, subject to modification or repeal as other ordinances, upon the effective date (October 1, 1973) of the Municipal Home Rule Powers Act, s.166.021(5), F. S. Excepted from the nullification and repeal provision in s. 166.021(4) and the provision in s. 166.021(5) converting special acts into ordinances were those charter and special act provisions relating to the subjects set forth in s.166.021(4), such as distribution of powers among elected officers, and rights of municipal employees.] Under s. 166.021(1), F. S., municipalities `may exercise any power for municipal purposes, except when expressly prohibited by law.' And s. 166.021(2) defines municipal purpose as `any activity or power which may be exercised by the state or its political subdivisions.'
Pursuant to the above-quoted provisions of Ch. 67-1782, Laws of Florida, and the home rule powers granted by s. 2(b), Art. VIII, State Const., as implemented by Ch. 166, F. S., the personal property in question, subject to the assumptions and limitations set forth above, is owned by the City of Ocala. The city council `may sell, lease, hold, manage, rent, control or dispose of any and all property, either real or personal, in any manner it may see fit . . . .' Section 1.06(1), Ch. 67-1782, supra.
Any further questions regarding the management, control, use, or disposal of the property in question should be referred to the city attorney and city council of the City of Ocala, for resolution at the local level pursuant to applicable provisions of the charter or code of ordinances of the City of Ocala.
Prepared by: Jerald S. Price, Assistant Attorney General
Dennis J. Wall Legal Research Assistant